HINCHMAN *v.* KELLEY *et al.*

(*Circuit Court, D. Washington, W. D.* February 16, 1892.)

EQUITY—JURISDICTION—SUIT TO DECLARE TRUST.

> A suit in equity to declare a trust, not evidenced by any writing, and to establish a claim of title to land, by a vendee of the *cestui que trust* of a vendee named in an executory contract to convey the land, commenced after the death of both parties to said contract, cannot be maintained; because (1) sufficient evidence to prove the averments of the bill as to the interest of the plaintiff's grantor must necessarily be lacking; (2) equity will not aid one who buys a lawsuit on speculation.

In Equity. On demurrer to bill. Sustained.

*C. S. Fogg,* for plaintiff.

*Galusha Parsons* and *J. C. Stallcup,* for defendants.

HANFORD, District Judge. I have considered the demurrer to the bill in this case, and I think it is well taken. It is difficult to determine from the bill the nature of the suit. The averments are such as are ordinarily framed to support a bill for the specific performance of a contract, or to declare the existence of a trust in regard to the ownership of property; but the prayer asks for no such relief. The prayer is appropriate to a bill of peace, or a bill to remove a cloud from the title to real estate. I am satisfied, however, upon consideration of the bill as a whole, that the complainant is not entitled to either form of relief. The prayer cannot be granted, because the bill shows affirmatively that the complainant is not the owner of the legal title to the property which is the subject of the suit. He has, therefore, no foundation for a suit in the nature of a bill of peace, and he has no title which can be clouded. Only the owner of the legal title can maintain a suit in equity for such relief, either according to the forms and rules of equity practice, or the Code procedure of this state. Formerly a suit could only be maintained by an owner who was in possession, but now, under a statute of this state, a suit to determine adverse claims to real estate can be maintained if the property is not in the possession of any one; but the plaintiff, to have a standing in court, must show that he has a legal title to the property. This bill sets forth as the foundation of the right which the complainant claims an executory contract for the conveyance of the title to certain real estate, made in 1872, which contract was never performed. The vendor in the case has since died; the persons whom the bill alleges were the real owners of the property, and for whom the vendor in the contract was a mere trustee with power to sell, have died; and the vendee named in the contract has died. It is claimed that this vendee was also but an agent and trustee for another party. There is in the bill no averment that any of the persons interested, while living, gave any information as to the existence of this secret trust, or did any act to perpetuate evidence of the existence of such a trust; and it is only a vendee of the *cestui que trust,* who now appears as complainant, asking to have the trust declared,—a trust that is not evidenced by any writing, and which could

only have been known at the time of its creation to persons who are now dead. I think it is impossible to prove the averments of this bill by any legal evidence, and on that ground the suit must fail. I hold also that the court ought not to hear a party who comes before it as a purchaser of a mere right to sue. The purchaser of a legal right may by his purchase become entitled to protection and aid from a court of law, and, if entitled to it, he can obtain appropriate relief in a court of law; but courts of equity will render no assistance to any scheme of speculation depending for success upon its determination of any controversy. In other words, equity will not aid the purchaser of a lawsuit in an endeavor to derive profit from such an investment.